**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

CONSERVATION LAW FOUNDATION, INC.,

Plaintiff,

v.

GLENN NORMANDEAU, in his official capacity as Executive Director of the New Hampshire Fish and Game Department, *et al.*.

Defendants.

Civil Action No. 1:18-cv-00996-PB

**CONSERVATION LAW FOUNDATION'S**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiff Conservation Law Foundation ("CLF") hereby moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7.1 and 56.1. The grounds for this Motion are set forth in the accompanying Memorandum of Law and the Declaration of Heather Govern and the exhibits thereto.

WHEREFORE, CLF respectfully requests that the Court grant its Motion and enter judgment in CLF's favor on all of its claims. CLF respectfully requests that the Court award CLF declaratory relief, entering a declaratory judgment to the following effect:

Defendants GLENN NORMANDEAU, in his official capacity as Executive Director of the New Hampshire Fish and Game Department; ROBERT PHILLIPSON, in his official capacity as Chair and Cheshire County Commissioner of the New Hampshire Fish and Game Commission; DAVID PATCH, in this official capacity as the Vice Chair and Carroll County

Commissioner of the New Hampshire Fish and Game Commission; PAUL G. MCINNIS, CHRISTOPHER HODGDON, ERIC G. STOHL, RAY GREEN, ERNEST MILLETTE, CHRISTINA LUPPI, and BRUCE TEMPLE, in their official capacities as members of the New Hampshire Fish and Game Commission; have violated the terms of National Pollutant Discharge Elimination System Permit Number NH0000710 and the Clean Water Act by:

(1) Discharging pollutants to the Merrymeeting River that cause violations of the water quality standards of the receiving water, specifically, by discharging phosphorus and phosphorus-bearing sediments that cause violations of:

a. New Hampshire's designated use for recreation in the Merrymeeting River, and "General Water Quality Criteria" requiring that "[a]ll surface waters shall be free from substances in kind or quantity that . . . [i]nterfere with recreational activities." N.H. Code Admin. R. Env-Wq § 1703.03(c)(1)(e).

b. New Hampshire's water quality standards regarding nutrient pollution N.H. Code Admin. R. Env-Wq § 1703.14(b), (c).

c. New Hampshire's water quality standards regarding dissolved oxygen, under which the Merrymeeting River "shall have a dissolved oxygen content of: (1) [a]t least 75% of saturation . . . based on a daily average; and (2) [a]n instantaneous minimum dissolved oxygen concentration of at least 5 mg/l." N.H. Code Admin. R. Env-Wq § 1703.07(b).

d. New Hampshire's water quality standards regarding biological integrity and nuisance species, under which the Merrymeeting River "shall support

and maintain a balanced, integrated, and adaptive community of organisms having a species composition, diversity, and functional organization comparable to that of similar natural habitats of a region . . . [and that] [d]ifferences from naturally-occurring conditions shall be limited to non-detrimental differences in community structure and function" and shall "be free from substances in kind or quantity that . . . [r]esult in the dominance of nuisance species." N.H. Code Admin. R. Env-Wq § 1703.19 ; *id.* § 1703.03(c)(1)(d).

e. New Hampshire's water quality standards regarding color, under which the Merrymeeting River "shall contain no color in such concentrations that would impair any existing or designated uses, unless naturally occurring" and shall remain free from substances that "[p]roduce . . . color . . . that is not naturally occurring and would render the surface water unsuitable for its designated uses." N.H. Code Admin. R. Env-Wq § 1703.10(b); *id.* § 1703.03(c)(1)(c).

f. New Hampshire's water quality standards regarding benthic deposits, under which the Merrymeeting River shall be free from substances that "[s]ettle to form harmful benthic deposits" including "benthic deposits that have a detrimental impact on the benthic community, unless naturally occurring." N.H. Code Admin. R. Env-Wq § 1703.03(c)(1)(a); *id.* § 1703.08(b).

(2) Discharging pollutants to the Merrymeeting River that impair the River's designated uses, harm its aquatic life, and create harmful benthic deposits, in

violation of Permit terms I.A.4 and I.A.5.

(3) Failing to implement provisions of the Powder Mill Facility's September 2019 and October 2016 Best Management Practices plans.

(4) Discharging effluent to the Merrymeeting River that is more acidic than the Permit limit.

(5) Discharging effluent to the Merrymeeting River with formaldehyde concentration in excess of the Permit limit.

(6) Discharging cleaning water to the Merrymeeting River in violation of the Permit.

CLF also respectfully requests that the Court enjoin the Defendants from operating the Powder Mill Facility until Defendants have constructed a wastewater treatment system that terminates Defendants' Permit violations and violations of the Clean Water Act, and Defendants have eliminated the rerelease of phosphorus from benthic deposits in Marsh and Jones Ponds. CLF respectfully requests that the Court order Defendants to propose for its approval a plan and schedule for Defendants to achieve compliance with the conditions of the Permit and the Clean Water Act, and that the Court schedule a hearing relative to the proposed plan and schedule. If necessary, Plaintiffs request additional proceedings to define the terms of the remedial order.

CLF also respectfully requests that the Court award CLF costs of litigation, including reasonable attorney and expert witness fees, and such other relief as the Court may deem appropriate.

Finally, CLF requests oral argument on this Motion, as it may provide assistance to the Court.

Dated: November 27, 2019

Respectfully submitted,

CONSERVATION LAW FOUNDATION, INC.,

*/s/ Thomas F. Irwin*
Thomas F. Irwin, Esq.
N.H. Bar No. 11302
Conservation Law Foundation
27 North Main Street
Concord, NH 03301
(603) 225-3060
tirwin@clf.org

*/s/ Heather A. Govern*
Heather A. Govern, *Admitted Pro Hac Vice*
Chelsea E. Kendall, *Pro Hac Vice Pending*
Kenta Tsuda, *Pro Hac Vice Pending*
Conservation Law Foundation
62 Summer St.
Boston, MA 02110
(617) 850-1765
hgovern@clf.org
ckendall@clf.org
ktsuda@clf.org

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2019, the foregoing document was filed through the ECF system, by which means a copy of the filing will be sent electronically to all parties registered with the ECF system.

*/s/ Heather A. Govern*
Heather A. Govern