UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Conservation Law Foundation, Inc. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:18-cv-00996-PB |
| New Hampshire Fish and Game Department, et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**STATE'S OBJECTION TO PLAINTIFF'S MOTION TO
EXCLUDE THE OPINION TESTIMONY OF MATTHEW PEHRSON**

On November 27, 2019, Plaintiff filed a Motion to Exclude the Opinion Testimony of

Matthew Pehrson (the "Motion") (Doc. 42). The State hereby objects. For the reasons set forth

below, Plaintiff's motion misconstrues the scope of Mr. Pehrson's potential opinion testimony, is

premature, and should, therefore, be denied.

**I.      BACKGROUND**

On October 4, 2019, the State disclosed Matthew Pehrson as a non-retained expert

pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). A copy of the Disclosure is attached to

the Motion as Exhibit 1 (Doc. 42-1). Mr. Pehrson is an employee of the New Hampshire Fish

and Game Department ("NHFG") and holds the position of Hatchery Biological Technician.

Disclosure at 4 (Doc. 42-1). As stated in the Disclosure, "[g]iven Mr. Pehrson's position with

[NHFG] and experience relevant to this litigation, it is possible that testimony by Mr. Pehrson

may constitute opinion testimony." *Id.* at 1. Moreover, Mr. Pehrson "has not been retained or

specially employed as an expert." *Id.* Thus, pursuant to Fed. R. Civ. Pro. 26(a)(2)(B), Mr.

Pehrson was not required to submit an expert report.

1

## II.    ARGUMENT

### A.  CLF Misconstrues the Scope of Mr. Pehrson's Expert Disclosure

In an abundance of caution, the State disclosed Mr. Pehrson as a non-retained expert because the nature of the factual testimony he is expected to offer at trial may include certain technical information related to Mr. Pehrson's work in aquaculture, in the administration of chemicals and medication to maintain fish health at the Hatchery, and in designing a new waste treatment system at the Powder Mill Fish Hatchery (the "Hatchery").  *See* Disclosure at 2 (identifying three areas of potential expert opinion testimony).  Specifically, Mr. Pehrson is expected to testify as a fact witness at trial regarding how he performs his aquaculture work at the Hatchery, how formalin and other chemicals are administered to treat fish health, and the origin and design details of the new waste treatment system Mr. Pehrson designed at the Hatchery. Absent a disclosure, the State anticipated that Plaintiff would have sought to exclude Mr. Pehrson from testifying on technical matters.

Pursuant to Federal Rules of Evidence, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise . . . ."  Fed.R.Evid. 702.  Here, Mr. Pehrson's testimony will be technical in nature and will draw on Mr. Pehrson's "knowledge, skill, experience, training or education."  *Id.*  Accordingly, Mr. Pehrson's primarily fact testimony may stray into expert opinion testimony.  In the absence of an expert report,[1] Plaintiff appears to assume that Mr. Pehrson will provide more extensive opinion testimony at trial warranting its

---

[1] Pursuant to Fed. R. Civ. Pro. 26(a)(2)(B), no expert report is required for non-retained experts.  Plaintiff does not dispute Mr. Pehrson's status as a non-retained expert.

motion to exclude.[2]  Yet, the extent of Mr. Pehrson's opinion testimony, if any, will not be

known until trial.

### B.  The Admissibility of Mr. Pehrson's Testimony Should be Determined at Trial

Unlike a retained expert, who provides a specific expert opinion summarized in a written

report, the scope of any opinion testimony to be offered by Mr. Perhson – a non-retained expert –

is not yet known.  For example, the State disclosed that Mr. Pehrson may testify regarding

aquaculture practices at the Hatchery, including use of formalin to treat infection, because

Plaintiff asked a series of questions about Mr. Pehrson's aquaculture practices during Mr.

Pehrson's deposition.  *See, e.g.*, Motion, Ex. 3 at 19-37 (Doc. 42-3).  In the event that Plaintiff

does not pursue a challenge to the aquaculture methods used at the Hatchery, Mr. Pehrson will

have no need to testify on that subject at trial.

In light of not yet knowing the scope of Mr. Pehrson's potential opinion testimony,

Plaintiff has not demonstrated a basis  for the preemptory exclusion of Mr. Pehrson's testimony

before trial.  This case is scheduled for a bench trial, where the judge will control both the

admissibility of, and the weight given to, any evidence presented.  Thus, there is no danger that

inadmissible expert opinion will be heard by, and improperly influence, a jury.  Indeed, "where

the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence

subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of

reliability established by Rule 702."  *Warford v. Industrial Power Systems, Inc.*, 553 F.Supp.2d

28, 31 (D.N.H. 2008) (quoting *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006)).  Plaintiff will be

free to object to any opinion testimony by Mr. Pehrson that Plaintiff deems improper, and the

---

[2] For example, Plaintiff offers the conjecture that Mr. Pehrson "*may intend* to opine that Defendants' handling of Facility effluent has been 'scientifically appropriate and consistent with professional practices.'" Motion at 7 (emphasis added).  The State has not disclosed any such opinion testimony from Mr. Pehrson.

Court will exercise its discretion to either exclude, admit, or conditionally admit the evidence with no prejudice to Plaintiff.  Moreover, the State will continue to have the burden to elicit information at trial qualifying Mr. Pehrson to give expert testimony under Rule 702.  *Adams v. J. Meyers Builders, Inc.*, 671 F. Supp. 2d 262, 272 (D.N.H. 2009).

Similarly, any relevancy challenge is more appropriately dealt with at trial.  Plaintiff challenges the relevance of opinions regarding the Hatchery's fish-rearing practices and the "reasonableness" of formalin practices.  Motion at 6-7.  The State agrees that such topics may be irrelevant, particularly after the Court rules on the cross motions for summary judgment, but disclosed them based on Plaintiff's own areas of inquiry during discovery.  To the extent that Plaintiff does not raise these issues at trial, it may be unnecessary for the State to offer responsive testimony.  Thus, the appropriate time to determine relevance, and therefore admissibility, is at trial.

### C. Mr. Pehrson is Qualified to Offer Opinion Testimony Based on His Knowledge, Skill, Experience, Training and Education

Plaintiff also challenges Mr. Pehrson's anticipated opinion testimony as "outside his area of expertise, and otherwise unreliable."  Motion at 3, 7-11.  While much of Plaintiff's argument appears to be based on an incorrect assumption of the scope of Mr. Pehrson's intended opinion testimony, *see, supra* n. 2, Plaintiff also challenges Mr. Pehrson's qualifications to testify about aquaculture practices and the new waste treatment system installed at the Hatchery.  Motion at 6, 8-9.  The thrust of Mr. Pehrson's testimony will relate to the performance of his job as Hatchery Biological Technician for NHFG.  There is no dispute that Mr. Pehrson has relevant experience – he has been managing aquaculture at the State's six fish hatchery's for approximately three years.  There is also no dispute that Mr. Pehrson was personally responsible for the design of the new waste treatment system at the Hatchery, and is intimately familiar with both the concept,

4

design, and operation of the waste treatment system.  Motion at 8-9, Ex.3 at 73-76, Ex. 4 at 37-44.  As such, Mr. Pehrson has first-hand experience with the subject matter of any potential opinion testimony he may provide at trial.  Such experience is adequate to demonstrate reliable expert opinion.

"In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony, without regard to the particular *Daubert* criteria."  *Warford v. Industrial Power Systems, Inc.*, 553 F.Supp.2d 28, 33 (D.N.H. 2008).  Indeed, "Rule 702 does not require specific educational training in the area of expertise."  *Id.* at 32 (quoting *Tokio Marine & Fire Ins. Co. v. Grove Mfg. Co.*, 958 F.2d 1169, 1175 (1st Cir. 1992)).  Here, Mr. Pehrson's first-hand knowledge and experience is sufficient to establish the reasonableness and reliability of his potential opinion testimony.  Nonetheless, as set out above, the appropriate time to determine admissibility will be at trial if Mr. Pehrson actually offers opinion testimony.

Finally, to the extent Plaintiff suggests that Mr. Pehrson is unqualified to testify regarding the design or functionality of the new waste treatment system because Mr. Pehrson was "unable to say whether his design is feasible to scale up to accommodate the totality of the Facility's effluent," Motion at 9, Plaintiff's argument is nonsensical.  The waste treatment system is designed to treat waste, not water, and therefore, the potential to scale it up to handle all water that passes through the Facility is irrelevant.  Motion, Ex. 4 at 66-67.  Moreover, testing conducted by the New Hampshire Department of Environmental Services, demonstrated that the system was having a significant positive impact on removing phosphorus.  Motion, Ex. 4 at 40-44.  Plaintiff's conflation of the amount of cleaning water (a slurry of waste and water collected during the rearing unit cleaning process) directed to the new waste treatment system and the

amount of water that flows through the Hatchery is irrelevant to Mr. Pehrson's knowledge and

experience with the functionality of the waste treatment system that he designed.

**VI.   CONCLUSION**

For the foregoing reasons, the State respectfully requests that this Honorable Court deny

Plaintiff's Motion to Exclude the Opinion Testimony of Matthew Pehrson.


Respectfully submitted,

GLENN NORMANDEAU;
ROBERT PHILLIPSON;
DAVID PATCH;
PAUL G. MCINNIS;
CHRISTOPHER HODGDON;
ERIC G. STOHL;
RAY GREEN;
MARC LACHANCE;
PAUL DEBOW;
FREDERICK T. BIRD;
CHRISTINA LUPPI; and
BRUCE TEMPLE

By their attorney,

GORDON J. MACDONALD
Attorney General

Date:   December 11, 2019

/s/  Christopher G. Aslin
Christopher G. Aslin, Bar No. 18285
Senior Assistant Attorney General
New Hampshire Department of Justice
33 Capitol Street
Concord, New Hampshire 03301-6397
(603) 271-3679
christopher.aslin@doj.nh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has this day been forwarded via the Court's

Electronic Case Filing System to:


Thomas F. Irwin, Esq.                  Heather A. Govern, Esq.
Conservation Law Foundation            Conservation Law Foundation
27 North Main Street                   62 Summer St.
Concord, NH 03301                      Boston, MA 02110



Date:   December 11, 2019              /s/  Christopher G. Aslin
                                       Christopher G. Aslin