# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| CONSERVATION LAW FOUNDATION, | ) |
| Plaintiff, | ) |
| v. | ) |
| SCOTT MASON, in his official capacity as EXECUTIVE DIRECTOR of the NEW HAMPSHIRE FISH AND GAME DEPARTMENT; and JOHN CAVENEY, PAUL DEBOW, ALBERT J. DEROSA, RAY GREEN, CHRISTOPHER HODGDON, MEGGAN HODGSON, MARC LACHANCE, PAUL G. MCINNIS, SUSAN PRICE, ERIC G. STOHL, and BRUCE TEMPLE, in their official capacities as the COMMISSIONERS of the NEW HAMPSHIRE FISH AND GAME COMMISSION, | ) **Civil No. 1:18-cv-00996-PB** |
| Defendants. | ) |
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Intervenor, | ) |
| v. | ) |
| STATE OF NEW HAMPSHIRE; and NEW HAMPSHIRE FISH AND GAME DEPARTMENT, | ) |
| Defendants. | ) |

## **UNITED STATES' CONSENTED-TO MOTION TO INTERVENE**

The United States of America, on behalf of the U.S. Environmental Protection Agency ("EPA"), pursuant to Rule 24(a)(2) and (b) of the Federal Rules of Civil Procedure, respectfully files this motion to intervene in the above-captioned action, to which all parties through counsel have consented.  In support of this motion, the United States attaches and incorporates by reference a United States' Memorandum of Law in Support of Consented-To Motion to Intervene, a proposed Order Granting Motion to Intervene, a proposed Complaint of the United States as Plaintiff-Intervenor ("U.S. Complaint"), a Notice of Lodging of Proposed Consent Decree, and a proposed Consent Decree signed by all parties and lodged for a 30-day public comment period (without entry by the Court until and unless the public comment period closes and the United States, after consideration of any comments submitted, moves for entry of the Decree, as discussed in the accompanying Memorandum of Law).  In further support, the United States offers the following:

1.  In this action, Plaintiff Conservation Law Foundation ("CLF") filed a complaint ("CLF Complaint") under the citizen-suit provision of the Clean Water Act ("CWA"), 33 U.S.C. § 1365(a), against the Executive Director of the New Hampshire Fish and Game Department ("NHF&G") and other state fish and game officials, seeking declaratory and injunctive relief for violations of the CWA and a National Pollutant Discharge Elimination System ("NPDES") permit, Permit No. NH0000710, issued by EPA on October 13, 2020 (the "2020 Permit"), related to discharges of pollutants from the Powder Mill State Fish Hatchery, in New Durham, New Hampshire (the "Hatchery").  CLF 2nd Am. Compl. (Dkt. No. 99).

2.  The United States on behalf of EPA seeks to file its own complaint as Plaintiff-Intervenor in the CLF litigation.  The U.S. Complaint asserts claims against the State of New Hampshire and NHF&G (collectively, "Defendants"), under Sections 309(b) and 504 of the

CWA, 33 U.S.C. §§ 1319(b) and 1364.  The U.S. Complaint seeks injunctive relief for violations of the CWA, NHF&G's 2020 Permit, and an NPDES permit with the same number issued by EPA on December 22, 2011 (the "2011 Permit"), under Section 309(b) of the CWA, 33 U.S.C. §§ 1319(b), related to discharges of pollutants from the Hatchery (U.S. Compl. ¶¶ 24-31); and for presenting an imminent and substantial endangerment to human health and welfare from such discharges, under CWA Section 504, 33 U.S.C. § 1364 (U.S. Compl. ¶¶ 32-38).

      3.  The Court and the parties to the CLF litigation requested that the United States on behalf of EPA participate in settlement negotiations in the CLF case.  Those negotiations resulted in the attached proposed Consent Decree, signed by all parties to the CLF litigation and by the United States.  In addition to resolving the claims in the CLF Complaint, the Decree resolves claims in the U.S. Complaint as well.

      4.  The United States has a right to intervene in this action pursuant to Fed. R. Civ. P. 24(a)(2) because (a) it timely moved to intervene; (b) it has an interest relating to the property or transaction that forms the basis of the ongoing suit; (c) the disposition of the action threatens to create a practical impediment to its ability to protects its interest; and (d) no existing party adequately represents its interests.

      5.  Even assuming *arguendo* that the United States did not meet the standard for intervention as of right, the United States should be allowed to intervene under the permissive standard in Fed. R. Civ. P. 24(b).

      Accordingly, the United States respectfully requests that the Court grant the United States' motion to intervene, and enter an order allowing the United States to file its U.S. Complaint and Notice of Lodging of Proposed Consent Decree and lodge for a 30-day public comment period the accompanying proposed Consent Decree signed by all parties.

Respectfully submitted,

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

Dated: September 7, 2022

/s/ David Laufman Weigert
DAVID LAUFMAN WEIGERT
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Phone: (202) 353-5592
Email: david.weigert@usdoj.gov

OF COUNSEL:

TONIA BANDROWICZ
Senior Enforcement Counsel
MICHAEL KNAPP
Senior Enforcement Counsel
U.S. Environmental Protection Agency, Region 1
5 Post Office Square
Boston, MA 02109