UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Conservation Law Foundation, Inc., <br><br> Plaintiff, <br><br> v. <br><br> SCOTT MASON, in his official capacity as Executive Director of the New Hampshire Fish and Game Department, et al., <br><br> Defendants. | Civil Action No. 1:18-cv-00996-PB |

**PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS OF LITIGATION**

Plaintiff Conservation Law Foundation ("Plaintiff" or "CLF") respectfully requests that the Court award the Plaintiff's reasonable costs of litigation pursuant to 33 U.S.C. § 1365(d). Plaintiff seeks attorneys' fees in the amount $538,6774 and costs in the amount of $37,465.99. The grounds for this Motion are set forth in the accompanying Memorandum of Law and the exhibits thereto.

In support of this motion, CLF states as follows:

1. CLF initiated this citizen suit on October 31, 2018, alleging that Defendants' discharge of waste from the Powder Mill State Fish Hatchery ("Facility") into the Merrymeeting River violated of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1331(a), and the Defendants' NPDES Permit. ECF No. 1 (Compl.) at 2-3. Despite CLF's good-faith efforts to reach a settlement with the Defendants, including seven settlement discussions and an all-day mediation in 2019 and early 2020, early attempts at resolving the case were unsuccessful.

2. Litigation of this case lasted nearly three years (from October 2018 until May 2021). During those years, CLF expended significant resources.

3. CLF retained three experts over the course of this case. Dr. Jack Rensel, an aquatic biologist with expertise in the effects of phosphorus pollution on downstream waters, prepared expert and supplemental reports describing how Defendants' pollution has impacted the Merrymeeting River. Dr. Wane Schneiter, a wastewater engineer with expertise in the control of phosphorus and nitrogen pollution, prepared expert and supplemental reports describing the efficacy of the Defendants' practices for disposing of fish waste. Dr. Kenneth Wagner, an environmental management expert, provided cost estimates and mediation options for the treatment of phosphorus-loaded sediment in the Merrymeeting River during settlement negotiations. Drs. Rensel and Schneiter both travelled to Boston to testify at in-person depositions.

4. The litigation included briefing on four motions to dismiss and five motions for summary judgment, thirteen motion hearings or conferences, fact and expert discovery (including seven depositions and a Rule 34 site visit), and two motions *in limine*.

5. On August 27, 2020, following cross consolidated motions for summary judgment filed by CLF and the Defendants, the Court issued an order granting summary judgment to CLF for its pH claims and to Defendants for the formaldehyde and Sediment Discharge claims. ECF Nos. 72 (Pl.'s Mot. for Summ. J.), 73 (Def.'s Mot. for Summ. J.). The August 27, 2020 order required the Defendants to devise and implement a system to bring the Facility into compliance with the permitted pH limits within 90 days. ECF No. 85 (Aug. 27, 2020 Order).

6. On October 13, 2020, EPA issued a new NPDES Permit to take effect on January 1, 2021 (the "2021 Permit"). In response to the 2021 Permit, Defendants filed their third motion

to dismiss on November 4, 2020. ECF No. 94. During a January 28, 2021 hearing, the Court denied Defendants' third motion to dismiss and ordered CLF to amend its Complaint to restate its claims with reference to the 2021 Permit. ECF No. 101. CLF accordingly filed its Second Amended Complaint on February 10, 2021. ECF No. 99. Defendants responded to CLF's Court-ordered filing of the Second Amended Complaint by filing their fourth motion to dismiss, claiming lack of notice. ECF No. 102 (Mot. to Dismiss). The fourth motion to dismiss was denied on April 21, 2021.

7. At the Court's suggestion, CLF, EPA, and the Defendants began discussions in May 2021 with the goal of reaching a global settlement between the three parties. CLF, EPA, and the Defendants met twenty-three times, approximately every two weeks, until April 13, 2022, when the parties reached agreement in the form of a Consent Decree.

8. On September 7, 2022, the United States of America, on behalf of the EPA, filed an assented-to Motion to Intervene. ECF No. 125 (Pl. Intervenor's Mot. Intervene). The Court approved EPA's entrance as a Plaintiff-Intervenor on September 8, 2022. ECF No. 126 (Order Granting Mot. Intervene). After the public comment period, the Consent Decree was entered by the Court on November 17, 2022. ECF No. 130 (Consent Decree).

9. The Consent Decree requires Defendants to achieve compliance with the 2021 Permit and the Clean Water Act, to undertake interim measures until full compliance can be achieved, and to take steps that may lead to remediation of contamination of the Merrymeeting River by sediments discharged by the Facility. ECF No. 130 (Consent Decree). More specifically, the Defendants must complete construction of, and begin operating, a wastewater treatment system by December 31, 2025, to achieve compliance with the Permit's effluent limitations. *Id*. at 13-15. Until the wastewater treatment system is constructed, the Consent

Decree requires the Defendants to engage in measures to improve their waste collection and disposal practices and increase cleaning and maintenance. *Id.* at 8-13. The Defendants are also required to address the buildup of phosphorus-loaded sediment by performing a Merrymeeting River Phosphorus Assessment and a Remediation Options Study to assess pollutant impacts and remediation options. *Id.* at 22-24.

10. As the Parties did not reach agreement as to the payment of Plaintiff's reasonable litigation costs, CLF reserved its right in the Consent Decree to seek such an award from the Defendants. *Id.* at 39.

11. CLF is entitled to recover its attorneys' fees and costs because it has prevailed on its claims by achieving sought-after relief for its pH claims (through the Court's August 27, 2020 Order) and for its phosphorus and Sediment Discharge claims through the Consent Decree.

WHEREFORE the Parties respectfully request that the Court grant an award in the amount of $538,774 for attorneys' fees, and $37,465.99 for costs.

DATED: December 1, 2022            Respectfully submitted,

                                               CONSERVATION LAW FOUNDATION, INC.

                                               By its attorneys:

                                               */s/* Heather A. Govern
                                               Heather A. Govern, *Admitted Pro Hac Vice*
                                               Chelsea E. Kendall, *Admitted Pro Hac Vice*
                                               Conservation Law Foundation
                                               62 Summer St.
                                               Boston, MA 02110
                                               (617) 850-1765
                                               hgovern@clf.org

*/s/* Thomas F. Irwin
Thomas F. Irwin
N.H. Bar No. 11302
Conservation Law Foundation
27 North Main Street
Concord, NH 03301
(603) 225-3060
tirwin@clf.org

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 1, 2022, the foregoing Motion was filed through the ECF system, by which means a copy of the filing will be sent electronically to all parties registered with the ECF system.

/s/ Thomas F. Irwin
Thomas F. Irwin