UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Conservation Law Foundation, Inc.</u>

      v.                                          Case No. 1:18-cv-00996-PB

<u>Scott Mason, Executive Director,</u>
<u>New Hampshire Fish and Game</u>
<u>Department, et al.</u>

### <u>ORDER</u>

The defendants move under Federal Rule of Civil Procedure 60(a) to correct two aspects of my order (Doc. 139) awarding attorney's fees to CLF. They raise several minor issues not raised in the original briefing that do not merit substantial court time to untangle. First, the defendants seek a correction in the fee award to account for several hours of attorney travel time that CLF inadvertently claimed twice, totaling $1,255. Second, the defendants ask me to correct "an apparent oversight" because my order allegedly failed to exclude fees associated with CLF's unsuccessful claims against the two state entities. <u>See</u> Doc. 140. CLF agrees to the first correction but objects to the second.

I grant the first requested correction and reduce the fee award by $1,255 because it is undisputed that a clerical error occurred. I note, however,

that the issue should have been brought to my attention in the defendants' objection to CLF's motion for attorney's fees. It is not the job of the court to go through an attorney's billing records line by line to try to ascertain if any time was mistakenly double-billed.

    I deny the second requested correction because I neither overlooked nor omitted a necessary reduction for unsuccessful claims. As my order noted, I specifically considered the time entries that related to the unsuccessful claims but determined that most entries are not amenable to sorting on a claim-by-claim basis. For that reason, I applied a global reduction to the fee award to account for the unsuccessful claims. The defendants want the benefit of the global reduction, while also asking the court to specifically exclude billing entries that expressly related to the unsuccessful claims. In short, the defendants ask the court to twice exclude the time spent on the unsuccessful claims. My decision to apply a global reduction instead of excluding fees specific to the claims against the state entities, among other unsuccessful claims, was a deliberate choice and not a clerical oversight. See Bowen Inv., Inc. v. Carneiro Donuts, Inc., 490 F.3d 27, 29 (1st Cir. 2007) ("A motion under [Rule 60(a)] is appropriate where the judgment failed to reflect

the court's intention. It does not, however, provide for the correction of the deliberate choice of the district judge.") (cleaned up).[1]

Accordingly, the defendants' motion (Doc. 140) is granted to the extent that the award of attorney's fees in my prior order (Doc. 139) is reduced by $1,255 and is otherwise denied.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

June 21, 2023

cc:   Counsel of record

---

[1] For the same reasons, there is no manifest injustice warranting relief under Federal Rule of Civil Procedure 59(e).